1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *

9   GEORGE MERCIER,                          )
                                             )
10                         Plaintiff,        )          2:06-cv-1085-RCJ-RJJ
                                             )
11  vs.                                      )
                                             )          REPORT & RECOMMENDATION
12                                           )             OF UNITED STATES
    ARNOLD SCHWARZENEGGER, *et al.*,         )             MAGISTRATE JUDGE
13                                           )          (Application to Proceed *In Forma*
                           Defendants.       )           *Pauperis* (#1)
14  _____ )

15          This matter was submitted before the undersigned Magistrate Judge on Plaintiff, George

16  Mercier's Application to Proceed *In Forma Pauperis* (#1).  The Court has considered the

17  Application (#1) and the Complaint. Additionally, a hearing on this matter was scheduled for

18  March 7, 2007, at 9:00 A.M.

19                                      **BACKGROUND**

20          The plaintiff in this case, George Mercier, has filed approximately 75 cases within the last

21  12 months in the United States District Court for the District of Nevada.  Mercier filled out an

22  Application to Proceed *in Forma Pauperis*.   Plaintiff stated on his application that he is not

23  presently employed.   Plaintiff further stated that he has not received money within the last 12

24  months from: a business, profession or other form of self-employment; rent payments, interest or

25  dividends; pensions, annuities or life insurance payments. Plaintiff does not have any interest in any

26  real estate, stocks, bond, notes, automobiles, or other valuable property.   Further, the plaintiff does

27  not have any dependents.   Plaintiff stated that he has received gifts or inheritances and money from

28  other sources, welfare. Plaintiff states that he has $50.00 in a checking or savings account.  Plaintiff

1  provided a supplemental statement in support of his *In Forma Pauperis* Application in which he

2  stated that he was fired from a Chevron Gas Station in September of 2003. (Supplemental Statement

3  in Support of IFP Admissions, attached to Plaintiff's Application to Proceed *In Forma Pauperis*

4  (#1)). The plaintiff further asserts that his income falls below the Federal Poverty Guideline.

5  **DISCUSSION**

6  I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

7  Plaintiff's application is incomplete. Specifically, he checked the boxes indicating that in

8  the past twelve months he had received gifts or inheritances, as well as, money from other sources,

9  but only listed "welfare" in the following section requiring applicants to describe each source of

10  money and the amount received from each source during the past twelve months. Plaintiff's

11  application does not specify the source or amount of the gifts or inheritances he received, nor the

12  amount of welfare that he received.

13  28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without

14  prepayment of fees or give security therefor." The decision to grant or deny *in forma pauperis* status

15  under § 1915 lies within the sound discretion of the court. See, Weller v. Dickson, 314 F.2d 598,

16  600 (9th Cir. 1963).

17  Based on the sparse information provided by plaintiff, this Court is unable to determine

18  whether Plaintiff has sufficient financial resources to pay the Court's filing fee. See, 28 U.S.C.

19  § 1915. Therefore, the Court scheduled a hearing in court on Plaintiff's application. Notice was

20  duly given but the Plaintiff failed to appear for the hearing. It was therefore impossible to canvass

21  the Plaintiff regarding assets and income. The Plaintiff did not request a continuance of the hearing

22  and has filed no subsequent explanation for his failure to appear. Therefore, Plaintiff's Application

23  to Proceed *in Forma Pauperis* should be denied.

24  II. COMPLAINT

25  This complaint is irrational and frivolous on its face. Further, it is absolutely clear that the

26  deficiencies in this Complaint cannot be cured with leave to amend. Therefore, the Complaint

27  should be dismissed with prejudice.

28

- 2 -

**RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Plaintiff's Application to Proceed *in Forma Pauperis* (#1) be **DENIED** without prejudice

IT IS FURTHER RECOMMENDED by the undersigned Magistrate Judge that the Complaint be **DISMISSED** with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before March 30, 2007**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of March, 2007.


_____
ROBERT J. JOHNSTON
United States Magistrate Judge